### INTERNATIONAL LABOR RIGHTS EDUCATION AND RESEARCH FUND, et al., Plaintiffs,

v.

### George BUSH, et al., Defendants.

### Civ. A. No. 90–0728.

United States District Court, District of Columbia.

Sept. 10, 1990.

See also, 752 F.Supp. 495.

Terry Collingsworth, Los Angeles, Cal., Deborah C. Malamud, Washington, D.C., for plaintiffs.

Dennis G. Linder, Arthur R. Goldberg, U.S. Dept. of Justice, Washington, D.C., for defendants.

### MEMORANDUM AND ORDER

GESELL, District Judge.

Defendants move to dismiss the complaint, arguing that the Court of International Trade (CIT) has exclusive jurisdiction over this action. Plaintiffs, invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331, oppose. Defendants also move to dismiss for failure to state a claim, but with the agreement of plaintiffs, brief-

ing on this issue has been deferred until the Court has resolved the initial jurisdictional dispute.

The 23 plaintiffs include many of the nation's largest labor unions and a number of human rights research and advocacy organizations. Seeking review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, they sue the President of the United States, the U.S. Trade Representative, and the Secretaries of State, Labor, Commerce, Agriculture, and the Treasury, alleging that these officials have failed to enforce the worker rights provisions of the Generalized System of Preferences of the Trade Act of 1974 ("GSP"), 19 U.S.C. §§ 2462(b)(7), 2464(b), which require the President to deny "beneficiary developing country" status and accompanying trade benefits to any country not meeting certain worker rights standards. Plaintiffs request an order from the Court interpreting the GSP statute and compelling defendants to modify their procedures and immediately review all countries for compliance with worker rights standards.

Defendants assert that the CIT is the only proper forum for this complaint pursuant to 28 U.S.C. § 1581(i)(2). That provision states in relevant part:

the Court of International Trade shall have exclusive jurisdiction of any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for ...

(2) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue ...

■ Section 1581(i) gives the CIT broad jurisdiction over trade cases. *See, e.g., Vivitar Corp. v. United States*, 761 F.2d 1552 (Fed.Cir.1985), *cert. denied*, 474 U.S. 1055, 106 S.Ct. 791, 88 L.Ed.2d 769 (1986). However, in enacting this legislation, "Congress did not commit to the Court of International Trade's exclusive jurisdiction *every* suit against the Government challenging customs-related laws and regulations." *K Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 188, 108 S.Ct. 950, 959, 99 L.Ed.2d 151 (1988). While the Court will not attempt to delineate the precise boundaries of the CIT's jurisdiction, in this instance the Court concludes that section 1581(i) does not provide the CIT with exclusive jurisdiction.

The House Report on the legislation that created section 1581(i) indicates that Congress intended to create "a comprehensive system of judicial review of civil actions arising from import transactions, utilizing the specialized expertise of the [CIT].... [Section 1581(i) ] granted the [CIT] jurisdiction over those actions which arise directly out of an import transaction and involve one of the many international trade laws." H.R.Rep. No. 96–1235, 96th Cong.2d Sess. 20, 33 *reprinted in* 1980 U.S.Code Cong. & Adm.News 3731, 3745.

The present action at this stage is not one arising from an import transaction, nor does it appear to require an application of the CIT's specialized expertise. Rather, plaintiffs seek APA review of procedures underlying the President's responsibilities to enforce the worker rights provisions of the GSP. The complaint appears to concern the nature and extent of the President's investigatory and enforcement obligations under the statute. If plaintiffs prevail on the merits, duties might ultimately be imposed on items from particular countries as a result, but the order plaintiffs seek would only direct the President to adopt certain procedures for enforcement of GSP, not to withdraw the "beneficiary developing country" status of any particular country or otherwise affect any particular import transaction.

■ More importantly, this action does not appear to arise out of a law of the United States "providing for ... tariffs, duties, fees or other taxes on the importation of merchandise" within the meaning of 28 U.S.C. § 1581(i)(2). The GSP authorizes the President to grant duty-free status to goods from "beneficiary developing countries," 19 U.S.C. § 2461, and to withdraw, suspend or limit that status. 19 U.S.C. § 2464. These provisions do not constitute a law "providing for" tariffs, duties, fees or other taxes; they create conditions under which duties can be lifted or re-im-

posed, but these duties are "provided for," i.e. furnished or supplied, *see* The American Heritage Dictionary of the English Language 1053 (1981), not by the GSP but by other statutes. Indeed, the GSP provision governing withdrawal, suspension or limitation from the program specifically states that "no rate of duty may be established in respect of any article pursuant to this section other than the rate that would apply but for this subchapter." 19 U.S.C. § 2464(a)(1).

Accordingly, 28 U.S.C. § 1581(i) cannot be held to give the CIT exclusive jurisdiction over this action. This Court has federal question jurisdiction, because the basis of the case is plaintiffs' contention that federal officials have failed to enforce a federal statute. Plaintiff's choice of forum must be respected. Therefore, it is hereby

ORDERED that defendants' motion to dismiss for lack of subject matter jurisdiction is denied; and it is further

ORDERED that defendants shall file their brief in support of their motion to dismiss for failure to state a claim by September 28, 1990.